```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re                                                              Chapter 7
                                                                   Case No.: 8-17-73511-AST
DANIEL V. BALZANO,

                        Debtor.
---------------------------------------------------------------x
SUMMITBRIDGE NATIONAL
INVESTMENTS IV LLC,

                        Plaintiff,                                 Adv. Pro. No.: 8-18-08050-AST
        -against-

DANIEL V. BALZANO,

                        Defendant.
---------------------------------------------------------------x
```

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pending before the Court is the motion for judgment on the pleadings (the "MJP") filed by Daniel V. Balzano ("Debtor" or "Defendant"), seeking to dismiss the complaint (the "Complaint") filed by SummitBridge National Investments IV LLC ("SummitBridge" or "Plaintiff"), objecting to Debtor's discharge under Section 727. Defendant argues the Complaint should be dismissed under Rule 12(c) of the Federal Rules of Civil Procedure (the "Rules"), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), because Plaintiff failed to timely object to Debtor's discharge and failed to timely request and obtain an extension to object to Debtor's discharge under Bankruptcy Rule 4004(b). For the reasons stated below, the Court grants the MJP and dismisses the adversary proceeding.

### JURISDICTION AND VENUE

This court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District

of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact and conclusions of law are not required on a Rule 12(c) motion. This Court accepts as true all properly plead factual allegations in the Complaint and draws all inferences in favor of the Plaintiff for the purposes of deciding this Motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On June 8, 2017, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Code"), and Allan B. Mendelsohn (the "Trustee") was appointed as Chapter 7 Trustee. Plaintiff was listed as a creditor in Defendant's statements and schedules and was listed in the mailing matrix filed along with the voluntary petition. The Section 341 meeting of creditors was initially scheduled for July 18, 2017, making September 18, 2017 the last day for any party-in-interest to oppose discharge or dischargeability. [Dkt. No. 1][2]

*The Series of Trustee and UST Extension Motions*

On August 29, 2017, the Trustee filed a Motion seeking to extend his time to object to Debtor's discharge under Section 727 from September 18, 2017 to November 17, 2017. [Dkt. No. 15]

On September 5, 2017, the Trustee and Debtor entered into a Stipulation extending the Trustee's time to commence an action under section 727 from September 18, 2017 to November 17, 2017. [Dkt. No. 18]

---

[1] The factual background and procedural history are taken from the pleadings and exhibits submitted by the parties.
[2] Pleading in the main case will be referenced as Dkt No. _; pleadings in this adversary will be refenced as Adv. Dkt No. _.

On September 5, 2017, the Trustee commenced an adversary proceeding against a non-debtor entity, Balzano Tile and Marble, LLC ("BTM"), in which the Trustee sought a monetary judgment against BTM and a declaratory judgment establishing that BTM is the alter ego of Debtor (the "BTM Adversary"). [3] [Dkt. No. 19]

On September 18, 2017, the United States Trustee (the "UST") filed a motion to extend the time in which the UST may file a motion to dismiss under 11 U.S.C. § 707(b), as well as the time for the UST and the Trustee to object to Debtor's discharge, through and including December 19, 2017 (the "UST Extension Motion"). [Dkt. No. 23]

On October 30, 2017, the Trustee filed a motion to compromise the BTM Adversary, under which BTM agreed to pay the Trustee $12,500.00 and waive the filing of a proof of claim against the Debtor's estate (the "9019"). [Dkt. No. 25]

On October 31, 2017, the Court granted the UST's motion to extend as to the UST and the Trustee, and directed a proposed order be submitted to the Court.

On November 22, 2017, SummitBridge objected to the 9019 alleging (1) that the proposed settlement was not in the best interest of the estate or creditors because it will not provide a meaningful distribution to creditors; (2) Trustee has not performed an adequate investigation of the claims and defenses as well as the ability to recover any judgment against the Defendant; and (3) Trustee is abrogating his obligations to the creditors in failing to oppose the Debtor's discharge or seek dismissal under § 707(b). [Dkt. No. 28] SummitBridge later filed a letter withdrawing its objection on July 20, 2018. [Dkt. No. 55] Subsequently, and after a hearing held on July 24, 2018, an Order granting the 9019 was entered on September 12, 2018. [Dkt. No. 59]

---

[3] Adv. Pro. No. 17-8228-ast

On December 5, 2017, the Court entered Orders extending the UST deadline to file a motion to dismiss under § 707(b) to December 19, 2017, as well as extending the time for the UST and Trustee to object to Debtor's discharge until December 19, 2017. [Dkt. Nos. 29-30]

On December 13, 2017, the UST filed its second motion to extend its time to object to Debtor's discharge, seeking a further extension until March 30, 2018. [Dkt. No. 31] The Trustee did not seek a further extension.

On February 6, 2018, the Court heard and granted the UST's second extension motion.

On March 2, 2018, the Court entered an Order extending the UST's time to object to Debtor's discharge until including March 30, 2018. [Dkt. No. 44] The terms of the Order specifically reference the UST only.

On March 29, 2018, the UST filed a third motion to extend its time to object to Debtor's discharge, seeking a further extension until June 29, 2018. [Dkt. No. 46]

On May 1, 2018, the Court heard and granted the UST's third extension motion.

On May 2, 2018, the Court entered an Order further extending the UST's time to object to Debtor's discharge until June 28, 2018. [Dkt. No. 51] The terms of this Order also specifically reference the UST only.

On June 27, 2018, the UST filed its fourth motion to extend its time to object to Debtor's discharge, seeking a further extension until September 28, 2018. [Dkt. No. 53]

On August 21, 2018, the Court entered an Order granting the UST's fourth extension, extending the UST's time to object to Debtor's discharge until September 28, 2018. [Dkt. No. 57] The terms of this Order once again specifically reference the UST only.

SummitBridge never filed a motion to extend its time to object to Debtor's discharge or dischargeability of a debt, and never presented a stipulation with Debtor extending either deadline.

*The Untimely SummitBridge Complaint*

On March 30, 2018, SummitBridge initiated this adversary proceeding by filing its complaint (the "Complaint"). The Complaint parroted many of the same allegations made by the trustee in the BTM Adversary but asked that Debtor's discharge be denied for knowingly and fraudulently making a false oath or account on his schedules and statements. [Adv. Dkt. No. 1]

On April 2, 2018, Debtor filed his Answer to the Complaint asserting various affirmative defenses. [Adv. Dkt. No. 3]

On April 16, 2018, before SummitBridge filed any additional pleadings, Debtor filed an Amended Answer which included as an additional affirmative defense that this adversary proceeding is time-barred pursuant to § 727 and Bankruptcy Rule 4004. [Adv. Dkt. No. 5] Debtor maintains that no Order had been entered extending SummitBridge's time to object to Debtor's discharge, and that the only then-operative extension in effect, entered on March 2, 2018, only extended the time period for the UST to object to Debtor's discharge. *Id.*

On October 16, 2018, Debtor filed the current MJP asserting that the Complaint is untimely, and the adversary proceeding should be dismissed. [Dkt. No. 62]

On November 20, 2018, Plaintiff filed its Response to the MJP, asserting that it was entitled to benefit from the extensions that were granted to the UST on various dates, and that the language of the orders was not narrow enough to preclude them from being construed as having granted an extension for SummitBridge as well. [Dkt. No. 63; Adv. Dkt. No. 15]

On November 26, 2018, Debtor filed his Reply. [Dkt. No. 64]

On September 16, 2019, a hearing was held in which the Court granted Debtor's Motion for Judgment on the Pleadings as well as dismissal of the adversary proceeding. The Court stated on the record that it would issue a fuller decision and order dismissing the Complaint as untimely.

## DISCUSSION

### I. *Legal Standard for the Motion for Judgment on the Pleadings*

When deciding a Rule 12(c) motion regarding dismissal of a complaint, the Court is to "accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff," *In re Coletta*, 391 B.R. 691, 693 (Bankr. E.D.N.Y.2008) (citing *Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 521 (2d Cir.2006)), and must "employ the same standard applicable to a motion to dismiss under Rule 12(b)(6)". *In re Belmonte*, 551 B.R. 723, 730 (Bankr. E.D.N.Y. 2016) (citing *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

This Court has previously addressed the application of Rule 12(b) and the flexible plausible pleading standard established by the Supreme Court in several published decisions. *See, e.g., Devices Liquidation Trust v. Pinebridge Vantage Partners (In re Pers. Commun. Devices, LLC)*, 528 B.R. 229, 233-34 (Bankr. E.D.N.Y. 2015); *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011).Under the U.S. Supreme Court's *Iqbal/Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face". *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  The plausibility standard

"asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

In deciding the MJP, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see also, Int'l Tobacco Partners, Ltd.,* 462 B.R. at 385 ("courts may consider documents that are integral to the complaint in deciding a motion to dismiss"); *Moxey*, 522 B.R. at 437-38.

As discussed in greater detail below, dismissal under Rule 12(c) is appropriate because the Complaint is time-barred on its face.

## II. The Cause of Action is Insufficiently Plead

### A. SummitBridge's complaint is untimely under Bankruptcy Rule 4004(a) and (b)(1)

Bankruptcy Rule 4004(a) requires that objections to a chapter 7 debtor's discharge under Section 727 be filed no later than sixty (60) days "after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a) and 4007(c). Under the circumstances applicable here, SummitBridge must have sought an extension of the time to object to discharge by a motion filed before the deadline expired. *See* Fed. R. Bankr. P. 4004(b)(1).[4] "Reinforcing

---

[4] 4004(b) Extension of Time.

(1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

(2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to

Rule 4004(b)'s restriction on extension of the Rule 4004(a) deadline, Rule 9006(b)(3) allows enlargement of 'the time for taking action' under Rule 4004(a) 'only to the extent and under the conditions stated in [that rule],' i.e., only as permitted by Rule 4004(b)." *Kontrick v. Ryan*, 540 U.S. 443, 448 (2004).

Generally, "'the [Bankruptcy] Rules' deadlines are to be interpreted strictly and in a manner consistent with the [Bankruptcy] Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case.'" *In re Chatkhan*, 455 B.R. 365, 367 (Bankr. E.D.N.Y. 2011) (citing *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 621 (Bankr.S.D.N.Y.1996) (citing *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3d Cir.1991), *aff'd*, 503 U.S. 638, 112 S. Ct. 1644, 118 L.Ed.2d 280 (1992)); *See also In re Grillo*, 212 B.R. 744, 746 (Bankr.E.D.N.Y.1997) (articulating that the purpose of Rule 4004 is to "bring about an expeditious discharge in Chapter 7 cases and a prompt fresh start for the debtor"). The Advisory Committee's Notes state that "[a]n extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension." Fed. R. Bankr. P. 4004 advisory committee's notes to 1983 amendment.

Here, each of the extension motions and resulting orders were extensions as to the Trustee and the UST only, respectively. The terms of all orders, including the so ordered stipulations between Debtor and the Trustee, specially referenced the Trustee and/or UST and no other party-in-interest. At no time did SummitBridge file its own extension motion or seek to join or intervene in any extension motions filed by the UST or the Trustee. Therefore, SummitBridge's deadline to commence a Section 727 action expired on September 18, 2017.

---

permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Both the language and intent of Bankruptcy Rule 4004 require that creditors act diligently and establish cause to obtain an extension of the Section 727 deadline, especially since any extension interferes with the honest but unfortunate debtor receiving a prompt fresh start. SummitBridge provides no authority for why it need not have established cause under Rule 4004(b)(1) for it to obtain an extension or why creditors should be allowed to ride the coattails of parties-in-interest who did act with diligence. Accordingly, SummitBridge cannot obtain any relief on its Complaint because it is untimely.

B. **SummitBridge has not sought or established entitlement to file an untimely complaint under Bankruptcy Rule 4004(b)(2)**

A motion to extend time to bring a discharge objection can be filed after the time to object has expired and before a chapter 7 discharge is granted, but only if "the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) . . ., and the movant did not have knowledge of those facts in time to permit an objection[, and] . . . [t]he motion shall be filed promptly after the movant discovers the facts on which the objection is based." Fed. R. Bankr. P 4004(b)(2). In sum, for the exception under Bankruptcy Rule 4004(b)(2) to apply, there must be a valid Section 727 claim, the facts giving rise to that valid claim must have been learned after the expiration of time to object to discharge, but before the discharge was granted, and the creditor must promptly move to extend the deadline after learning those new facts.

Here, SummitBridge failed to request an untimely extension of the § 727 deadline and failed to articulate any grounds which would entitle it to such an extension. The Complaint fails to allege any facts learned after the expiration of the September 18, 2017 deadline or offer any justification for why this objection to discharge could not have been asserted prior thereto. *In re*

*Chatkhan*, 455 B.R. at 366-67 (denying the creditor's extension motion because "no justification [was] offered for this delay . . .").

Therefore, a more extensive Bankruptcy Rule 4002(b)(2) analysis is unwarranted and the Complaint is time-barred.

## CONCLUSION

Because SummitBridge failed to move or enter into a stipulation with the Debtor to extend the deadline objecting to discharge, the deadline for SummitBridge to oppose discharge was September 18, 2017. The Court therefore finds the commencement of this adversary proceeding on March 30, 2018, 193 days after the deadline, to be untimely. Based on the foregoing and for the reasons stated on the record at the September 16, 2019 hearing; it is hereby

**ORDERED**, that Debtor's Motion for Judgment on the Pleadings is hereby granted; and it is further

**ORDERED**, that this adversary proceeding is hereby **DISMISSED**; and it is further

**ORDERED**, that Debtor's Motion and Amended Motion to Receive a Discharge at dkt items 33 and 34 are marked off as Moot; and it is further

**ORDERED**, that Plaintiff shall serve a copy of this Order on Defendant, Defendant's Counsel and the Chapter 7 Trustee within **five (5) business days** of entry of this Order.

**Dated: March 10, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**